[Civ. No. 4352. First Appellate District, Division Two.—February 7, 1923.]

COALINGA MOHAWK OIL COMPANY, Appellant, v. STANDARD OIL COMPANY, Respondent.

[1] CONTRACT—SALE OF OIL—ACTION FOR ADDITIONAL COMPENSATION —EVIDENCE — IRRELEVANCY OF CONTRACT OF EXCHANGE.—In an action by a producer of oil for the recovery of additional compensation claimed to be due for oil delivered under a contract which provided that if during the period of the contract the buyer offered to other producers in the same field a higher price for oils of like gravity and quality, such producer should be entitled to such higher prices, evidence that under a contract between the buyer and a railroad company for the exchange of oil, the buyer received oil at a value which made the price received for the oil it sold greater than the contract price it paid the seller, was irrelevant, since the value of the oil to the defendant was the price at which it could purchase the same and not the price at which it was offering the same for sale.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walter H. Linforth, Henshaw, Black & Goldberg and Henshaw & Black for Appellant.

Pillsbury, Madison & Sutro for Respondent.

LANGDON, P. J.—This is an action upon a contract entered into between plaintiff and defendant for the recovery of additional compensation claimed by plaintiff to be due for oil delivered under the contract. At the conclusion of plaintiff's case the court directed the jury to bring in a verdict for defendant. The appeal is from the judgment rendered on that verdict.

The contract between the parties was dated May 17, 1915, and a copy thereof appears in the record. It provided for the sale by plaintiff for the period of one year from the date thereof of certain crude oil produced by plaintiff from the premises described in the contract. The controversy between the parties arises under the price clause of the contract, which reads as follows:

"The first party agrees to sell and deliver to the second party, and the second party agrees to accept said oil under the conditions herein named, and, except as herein otherwise provided, the first party agrees to accept, and the second party agrees to pay therefor the *current prices* offered by the second party to other producers in the said Coalinga Oil Field for oil of like gravity and quality as the oil delivered hereunder; said prices, at the date hereof, being as follows": (Then follows a specification of prices, varying with the gravities of the oils.) The contract then proceeds: "Whenever and as often as the prices so offered by the second party, at any time during the period of this contract, to such other producers in the Coalinga Oil Field for oils of like gravity and quality as the oil delivered hereunder are higher than the prices hereinabove mentioned, the first party shall be entitled to such higher prices from and after the tenth day after such higher prices are offered, and whenever and as often as the prices so offered are less than the prices hereinabove stated, then, at the expiration of ten days after such lower offer is made to such other producers, but not before five days' written notice thereof has

60 Cal. App.—45

been given to the first party, the first party shall deliver said oil under this contract at the lower price so offered, unless, prior to the expiration of said ten day period the first party notifies the second party that such lower prices are not acceptable, in which event this contract shall by such notice, be terminated at the expiration of said ten days, and the first party relieved of all further obligation to deliver, and the second party relieved of all further obligation to receive, any further oil hereunder.''

On June 7, 1916, the contract between the parties was extended "with the understanding that all of the proceeds resulting from the sale of the oil to the Standard Oil Company, will, from and after the date of this letter, be deposited by the Standard Oil Company in such responsible bank as you (Coalinga Mohawk Oil Company) may select, there to remain until the title to your property is finally adjudicated.''

On March 12, 1917, the contract was again extended "to include all oil produced and delivered from the property described to and inclusive of September 30, 1917.''

On October 6, 1916, defendant and Southern Pacific Company entered into an agreement, pursuant to which defendant delivered to Southern Pacific Company fuel oil suitable for use in the locomotives of that company, in exchange for refinable crude oil to be obtained by Southern Pacific Company from Kern Trading and Oil Company, which said crude oil was to be delivered by the Southern Pacific Company to defendant. The basis of exchange fixed in the agreement between defendant and Southern Pacific Company was governed by the values of the respective oils deliverable under the contract, which values were determined according to the same schedule of prices as was then in force under plaintiff's contract with the defendant. This contract further provided that "whenever and as often as and while the prices offered by the Standard Company at any time during the period of this contract to other producers in the San Joaquin Valley fields for oils of like gravity shall vary from the prices specified herein then the values as expressed in such changed prices shall become effective from and after the tenth day after and while such other prices are offered.''

The complaint alleged the making of the two contracts by the defendant and alleged that the Southern Pacific Company had received in exchange for its oil (which was the same kind and quality as that sold by the plaintiff to the defendant), fuel oil at the agreed value set forth in the contract between it and the defendant, but which was, in reality, of the market value of $1.57 per barrel; that, therefore, the defendant had paid to the Southern Pacific Company for its oil a higher price than had been paid to the plaintiff. Judgment was asked for the difference between the sum actually paid to plaintiff by defendant and the sum that plaintiff would have realized had it received for its oil, fuel oil on the same basis as the Southern Pacific Company received it, and had plaintiff succeeded in selling such fuel oil for $1.57 a barrel, which is alleged to have been the market price of the same.

The answer admitted the making of the two contracts alleged by plaintiff and a copy of the contract between Southern Pacific Company and the defendant was attached to and made a part of the answer. The answer denied that the Southern Pacific Company was a producer in the same field as the plaintiff; alleged that the contract between defendant and Southern Pacific Company was one for the exchange and not for the sale of oil; that the values of oil stated in the contract between the defendant and Southern Pacific Company were the market prices of said oils and the current prices offered therefor at that time by the defendant to other producers in the Coalinga oil field for oil of like gravity and quality, being the same as the prices for oil of said gravities and qualities set forth in a certain notice of September 20, 1916, from defendant to plaintiff, and that as often as said current prices offered by defendant to said producers were changed, defendant notified plaintiff of such changes, and likewise notified the Southern Pacific Company in accordance with the contract between defendant and Southern Pacific Company. The answer denied that at any of the times mentioned in the complaint, the fuel oil referred to in the contract between the defendant and Southern Pacific Company was of the reasonable or market value of $1.57 a barrel or of any value in excess of the said current prices offered for such oil by defendant to other producers in the Coalinga oil field. It was denied

that had defendant paid plaintiff for the oil delivered by plaintiff to defendant in the same manner as is provided by the contract between defendant and the Southern Pacific Company, the oil delivered to plaintiff by defendant in payment of the oil delivered by plaintiff to defendant would have been worth, at the times of the delivery thereof by defendant to plaintiff, any sum in excess of the amount actually paid to plaintiff therefor.

There are two points urged upon the appeal: first, that the trial court erred in refusing to admit in evidence the contract between the defendant and Southern Pacific Company, and, second, that the court erred in directing a verdict for defendant.

[1] As we have stated, the making of the said contract, as alleged, was admitted by the answer, which went further and set out a copy thereof. However, when this contract was sought to be introduced in evidence by the plaintiff to establish its claim that defendant had offered a higher price to other producers in the Coalinga oil field than the price paid to plaintiff, the defendant objected on the ground that such evidence was not competent, relevant or material. A number of reasons were urged as to why it was not relevant. It is true the trial court, in sustaining the objection to the relevancy of the evidence offered, stated certain reasons for its ruling which are not controlling nor exclusive here. It is sufficient to sustain the ruling if the evidence offered be irrelevant for any reason for the purpose for which it was offered. We are of the opinion that it was irrelevant upon the contention of the plaintiff. As we have stated, it was in evidence that the values placed upon the fuel oil for the purpose of exchange with the Southern Pacific Company were the same as the prices offered and paid to the plaintiff for the oil purchased from it. Plaintiff claims to have been injured because the selling price to the public of fuel oil was placed at a higher figure by the defendant than the price defendant paid for such oil. We think that circumstance is immaterial under the facts here. The value of the fuel oil to the defendant was, assuredly, the price at which it could purchase the same and not the price at which it was offering the same for sale.

Sweeping aside, for the moment, all questions as to whether the contract between the defendant and the South-

ern Pacific Company was for a sale or exchange of oil and also many of the other questions raised by the respondent as presenting objections to the introduction in evidence of the said contract, we think it clear that even though said contract be regarded as an offer to the Southern Pacific Company for its oil, and even though the Southern Pacific Company be regarded as a producer in the Coalinga oil field, nevertheless, the value of the article offered by the defendant to the Southern Pacific Company must be established at the price the defendant would have to pay for such article in the open market and not the price at which it might expect or offer to sell the same. Assuredly, a barrel of oil was worth to the defendant exactly the amount of money it would have to pay for the same in the open market and not the selling price to be exacted for the same from the "trade." The defendant paid to the plaintiff, in money, for plaintiff's oil, the same value that defendant paid to the Southern Pacific Company if we estimate the value of the consideration paid to the Southern Pacific Company at the cost price to defendant. It is apparent, therefore, that the contract sought to be introduced did not establish plaintiff's contention that a higher price had been offered to the Southern Pacific Company for oil than had been paid to the plaintiff.

The ruling upon the relevancy of the Southern Pacific Company contract was proper. It was also decisive of the case. The existence and terms of said contract were admitted by the answer, but its relevancy was contested. Our disposition of the first question raised by appellant also answers the second. If the contract between the Southern Pacific Company and the defendant did not tend to establish the allegations of the complaint, then they were not sustained, for no other evidence was offered and the trial court properly instructed the jury to find for the defendant.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1923.

All the Justices concurred, except Kerrigan, J., who was disqualified.